# EXHIBIT B

ELECTRONICALLY FILED
10/13/2025 8:30 AM
Heidi Percy
County Clerk
Snohomish County, WASH
Case Number: 25-2-10335-31

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH**

SOHYUN KIM
a resident of the State of Washington,

    *on her own behalf and on behalf of
all others similarly situated,*

       *Plaintiff,*

       v.

L'OREAL USA S/D, INC., a corporation organized under the laws of the State of Delaware.


**Serve on**:

CORPORATION SERVICE COMPANY
300 DESCHUTES WAY SW STE 208 MC-CSC1,
TUMWATER, WA 98501

       *Defendant.*

|  |
|---|

**CLASS ACTION COMPLAINT**


**JURY TRIAL REQUESTED**

Case No.   25-2-10335-31


CLASS ACTION COMPLAINT  - 1 -

**Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

## CLASS ACTION COMPLAINT

### I.    PRELIMINARY STATEMENT

1.    This is a class action against Defendant L'Oreal USA S/D, Inc. ("L'Oreal" or "Lancôme") for false and misleading email marketing.

2.    L'Oreal operates several brands as part of its corporate structure, including Lancôme. Lancôme sends marketing emails to Washington consumers, which contain false or misleading information in the subject lines.

3.    Lancôme sends emails that advertise "free gifts" in their subject lines, but the gift is never actually free, and is always contingent on a minimum purchase. For example, on August 26, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "ENDS TONIGHT: 30% OFF + Free Gift!" However, is not clear by examining the subject line that the "free" gift is contingent upon the recipient making a minimum purchase. In fact, only in the body of the email does Lancôme reveal that a recipient is required to spend $120 in order to receive the free gift promised in the subject line.

4.    The fact that such "free gift" statements are false and misleading has been recognized by the Federal Trade Commission, which directs that sellers should not make representations that a product can be obtained for "free" unless "all the terms, conditions and obligations upon which receipt and retention of the 'Free' item are contingent [are] set forth clearly and conspicuously *at the outset of the offer* so as to leave no reasonable probability that the terms of the offer might be misunderstood." 16 C.F.R. § 251(c) (emphasis added) (also stating that "disclosure of the terms of the offer set forth in a footnote of an advertisement to which reference is made by an asterisk or other symbol placed next to the offer, *is not regarded as making disclosure at the outset*.") (emphasis added); *see also Brown v. Old Navy, LLC*, 567 P.3d 38, 567

CLASS ACTION COMPLAINT  - 2 -                    **Johannessen Law, PLLC**
                                                 5400 California Ave. SW, Suite B
                                                 Seattle, WA 98136
                                                 (206) 594-0500

P.3d 38 (Wash. 2025) (recognizing that emails with false or misleading information in the subject lines violate Washington's Commercial Electronic Mail Act ("WCEMA"), RCW 19.190.020, *et seq*.).

5.      Lancôme also sends marketing emails that misrepresent the duration of given promotions, in an apparent effort to drive sales by creating a false sense of urgency. The subject line of these kinds of emails falsely claims that a certain sale or discount is time-limited, such as "FINAL HOURS" or "ENDS TONIGHT," or "Last Chance," when, in reality, the offer lasts longer than advertised. As another example, Lancôme sends emails with subject lines claiming that a sale or discount has been "EXTENDED," when, in reality, Lancôme always planned the sale to continue during the advertised extension. And in many instances, Lancôme offers an ever **better** deal immediately after the first sale ends. For example, on September 26, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "25% OFF Sitewide Ends Tonight!" However, on September 30, 2024, four days later, Lancôme sent Named Plaintiff an email with the subject line: "35% Off: Unlock Your Exclusive Pre-Black Friday Deal!" Thus, the 25% off sale did not "end[] tonight," as an even better deal was offered mere days later.

6.      These types of "free gift" and "extended sale" emails violate WCEMA, RCW 19.190.020(1)(b); and the Washington Consumer Protection Act ("CPA"), RCW 19.86, *et seq*.

7.      By sending emails with subject lines containing false and misleading information to Named Plaintiff and the Class (defined below), Lancôme violates WCEMA.

8.      By sending these false and misleading emails, Lancôme intends to deceive the recipients.

9.      Named Plaintiff brings this action as a class action on behalf of persons residing in Washington, to whom Lancôme sent emails with false and/or misleading subject lines.

CLASS ACTION COMPLAINT  - 3 -                    **Johannessen Law, PLLC**
                                                 5400 California Ave. SW, Suite B
                                                 Seattle, WA 98136
                                                 (206) 594-0500

10. Named Plaintiff's requested relief includes an award to Named Plaintiff and Class members of statutory and exemplary damages for each illegal email, and an award of attorneys' fees and costs.

## II. JURISDICTION

11. The Superior Court of Washington has jurisdiction over this case under RCW 2.08.010 and RCW 4.92.090.

12. The Superior Court of Washington has personal jurisdiction over Defendant Lancôme pursuant to RCW 4.28.185. This Court may exercise personal jurisdiction over Defendant as an out-of-state defendant because the claims alleged in this civil action arose from, without limitation, Defendant's transmission of commercial electronic mail messages to consumers located within the State of Washington. In addition, Defendant intended, knew, or is chargeable with the knowledge that its out-of-state actions would have a consequence within Washington.

13. Venue is proper in Snohomish County Superior Court because, at all relevant times, Defendant has transacted business in Snohomish County, including without limitation by causing its website to be available to consumers in Snohomish County, selling products to residents of Snohomish County, and transmitting commercial electronic email messages to residents of Snohomish County. RCW 4.12.025.

## III. PARTIES

14. Named Plaintiff Sohyun Kim ("Named Plaintiff Kim") is a natural person currently residing at 10710 Evergreen Way, L310, Everett, WA 98204 (Snohomish County).

15. Defendant Lancôme is a Delaware corporation doing business within this state and with its principal place of business located at 10 Hudson Yards, New York, NY 10001.

CLASS ACTION COMPLAINT  - 4 -                    **Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

### IV.    FACTUAL ALLEGATIONS

a.  **WCEMA prohibits initiating or conspiring to initiate the transmission of commercial e-mails with false or misleading information in the subject lines.**

16.    WCEMA, by its terms, regulates deceptive email marketing.

17.    WCEMA was enacted to protect consumers' interests in being free from deceptive commercial e-mails.

18.    An injury occurs under WCEMA any time a commercial e-mail is transmitted that contains false or misleading information in the subject line.

19.    Under WCEMA, it is irrelevant whether misleading commercial e-mails were solicited.

20.    WCEMA creates an independent, limited, private of right of action, which can be asserted by a person who is the recipient of a commercial electronic mail message which contains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient. *See, e.g.,* WCEMA, § 19.190.020, *et. seq*.

21.    Violations of WCEMA creates standalone causes of action.

b.  **Lancôme initiated (or conspired to initiate) the transmission of commercial e-mails with false or misleading subject lines.**

22.    Lancôme has initiated (or conspired to initiate) the transmission of commercial electronic mail messages with false or misleading information in the subject lines to Named Plaintiff and members of the Class.

23.    The emails were electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from Lancôme also referred to an internet

CLASS ACTION COMPLAINT  - 5 -                    **Johannessen Law, PLLC**
                                                 5400 California Ave. SW, Suite B
                                                 Seattle, WA 98136
                                                 (206) 594-0500

domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

24. Lancôme sent the emails for the purpose of promoting its goods for sale.

25. The emails were sent at Lancôme's direction and were approved by Lancôme.

26. Lancôme emails frequently advertise "free gifts" in their subject lines. For example, Lancôme sent Named Plaintiff an email with a subject line, "Ooh la la! Your FREE 5-Piece Gift Awaits + 25% OFF." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $120. Thus, the gift was not "free," and the subject line was false and/or misleading. It is not clear by examining the subject line that the "free" gift is contingent upon the recipient making a $120 purchase. In fact, if a consumer sees this subject line and makes a purchase of $119.99 or less, the consumer will not receive the free gift.

27. Lancôme also frequently advertises limited-time sales, when the sales will almost always be extended the day after they are purported to end. For example, Lancôme sent Named Plaintiff Kim an email with the subject line: "Last Day to Save 30% Sitewide." However, on March 30, 2024, Lancôme sent Named Plaintiff an email indicating "It's Not Over Yet! 30% Sitewide is Extended." Therefore, the email indicating that it was the "Last Day to Save 30% Sitewide" was false and misleading.

28. By stating that a sale is ending at a specific time, Vineyard Vines suggests an offer's rarity or urgency, stimulating consumers' desire to get the deal before its gone while simultaneously inducing fear of missing a good buy.

29. Lancôme designs the subject lines of its marketing emails to tap into consumer urges to obtain free products and get a soon-to-expire deal, and in doing so, attempts to induce

CLASS ACTION COMPLAINT  - 6 -                **Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

consumers into spending more money than they otherwise would, or spur consumers into making impulsive purchases.

30.     Lancôme violates WCEMA because many of the statements in the email subject lines are false and/or misleading. The facts alleged below show the types of false and misleading email subject lines Lancôme sends to consumers.

c.    **Lancôme sends commercial emails to consumers whom it knows, or has reason to know, reside in Washington.**

31.     Lancôme sent the misleading commercial emails to email addresses that Lancôme knew, or had reason to know, were held by Washington residents, either because (i) Lancôme had a physical address that was associated with the recipient based on past purchases; (ii) Lancôme had access to data regarding the recipient indicating which state they resided in; or (iii) information was available to Lancôme upon request from the registrant of the internet domain name contained in the recipient's electronic mail address.

32.     Lancôme knows where many of its customers reside through several methods.

33.     First, for any person that places an order online from Lancôme, Lancôme associates an email address with a shipping address and/or billing address for that order.

34.     Second, Lancôme encourages online shoppers to create online accounts. Customers save information in their Lancôme accounts along with their email address, such as shipping addresses, billing addresses, and phone numbers.

35.     Third, discovery will show that Lancôme employs methods to track the effectiveness of its marketing emails and to identify consumers that click on links contained in Lancôme's marketing emails, including by identifying their physical location. Discovery will also show that Lancôme gathers information such as geocoordinates and IP addresses from individuals

CLASS ACTION COMPLAINT  - 7 -                    **Johannessen Law, PLLC**
                                                5400 California Ave. SW, Suite B
                                                Seattle, WA 98136
                                                (206) 594-0500

who click on links in Lancôme commercial emails, and that Lancôme can use such information to determine whether the recipient is in Washington.

36.     Fourth, Lancôme also utilizes cookies, pixels, and other online tracking technologies to identify and locate the consumers that click on links contained in Lancôme's marketing emails and that visit its website. For example, Lancôme has installed the Meta Pixel on its website, which identifies website visitors and can identify specific Facebook and Instagram users that visit the Lancôme website; information that can be associated with the data collected by Meta on where that consumer resides. Lancôme also employs tracking technologies provided by Google, Inc., Yahoo! Inc., FullStory, Inc., Twitter, Inc., Microsoft, Inc., and others that may be able to locate consumers in Washington.

37.     Fifth, discovery will show that Lancôme employs sophisticated third parties who create profiles of customers and potential customers, including their email address and physical location.

38.     Lastly, Lancôme also knew, should have known, or had reason to know that it sends marketing emails to Washington residents due to its large presence in the state and the volume of marketing emails it sends to people around the country.

39.     Discovery will show that, at the time it sent the emails with false and misleading subject lines, Lancôme had access to the data described above regarding the location of consumers in Washington to whom it sent the emails.

d.  **Lancôme initiated (or conspired to initiate) the transmission of illegal emails to Named Plaintiff and members of the Class.**

40.     At all times relevant to this Complaint, Named Plaintiff Kim resided in Washington.

CLASS ACTION COMPLAINT  - 8 -

**Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

41.    Named Plaintiff receives emails from Lancôme at a gmail.com email address.

42.    Lancôme knows, or has reason to know, that Named Plaintiff Kim's email address is held by a Washington resident. Named Plaintiff Kim has an account with Lancôme reflecting her home address in the State of Washington. Named Plaintiff Kim has made several purchases (unrelated to the allegations contained within this Complaint) from the Lancôme website that have been delivered to her home in Washington.

43.    Lancôme sent the following emails to Named Plaintiff (hereinafter the "Subject Emails") (emojis omitted):

 a. On Thursday, January 19, 2023, Lancôme sent Named Plaintiff Kim an email with the subject line: "JUST IN [] Our Free 5-Piece Gift is Here!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $45. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

 b. On Tuesday, January 24, 2023, Lancôme sent Named Plaintiff Kim an email with the subject line: "Meet Your FREE Winter Skin Treat!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $45. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

 c. On Friday, January 27, 2023, Lancôme sent Named Plaintiff Kim an email with the subject line: "Last Day to Unlock Your Free Winter Skin Gift!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $45. Therefore, the gift was not "free," and thus the information

CLASS ACTION COMPLAINT  - 9 -  **Johannessen Law, PLLC**
             5400 California Ave. SW, Suite B
             Seattle, WA 98136
             (206) 594-0500

in the subject line of this email was false and/or misleading, in violation of WCEMA.

d. On Saturday, March 25, 2023, Lancôme sent Named Plaintiff Kim an email with the subject line: "30% Off Sitewide + Free Travel Minis Ends TONIGHT." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $70. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

e. On Saturday, March 25, 2023, Lancôme sent Named Plaintiff Kim an email with the subject line: "Last Day For 2 Incredible Offers: 30% Off Sitewide + Free Travel Minis." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $70. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

f. On Thursday, April 6, 2023, Lancôme sent Named Plaintiff Kim an email with the subject line: "7 FREE Lancôme Best-Sellers?" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $42. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

g. On Saturday, April 8, 2023, Lancôme sent Named Plaintiff Kim an email with the subject line: "Shop for Mom, get free gifts!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $42.

CLASS ACTION COMPLAINT  - 10 -

**Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

h. On Thursday, April 13, 2023, Lancôme sent Named Plaintiff Kim an email with the subject line: "2 Days Left to Choose Your Free 7-Piece Gift!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $42. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

i. On Friday, April 14, 2023, Lancôme sent Named Plaintiff Kim an email with the subject line: "ENDS TONIGHT! Claim Your Free Gift!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $42. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

j. On Friday, April 14, 2023, Lancôme sent Named Plaintiff Kim an email with the subject line: "LAST CALL to Claim Your Free Gift!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $42. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

k. On Monday, October 16, 2023, Lancôme sent Named Plaintiff Kim an email with the subject line: "9 FREE Lancôme Bestsellers?" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $110. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

CLASS ACTION COMPLAINT  - 11 -

**Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

l.  On Saturday, October 21, 2023, Lancôme sent Named Plaintiff Kim an email with the subject line: "2 Days Left to Receive a FREE Gift!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $42. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

m.  On Sunday, October 22, 2023, Lancôme sent Named Plaintiff Kim an email with the subject line: "ENDS TONIGHT! Claim Your Free Gift." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $42. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

n.  On Wednesday, January 3, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "Customize Your Free 4-Piece Gift!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $80. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

o.  On Tuesday, January 9, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "Exclusive Offer! $35 Off Just for You." However, in order to obtain the $35 off, Named Plaintiff would have had to spend a minimum of $100. Therefore, the representation that Named Plaintiff would receive $35 off was false and/or misleading, in violation of WCEMA.

p.  On Monday, August 26, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "ENDS TONIGHT: 30% OFF + Free Gift!" However, in

CLASS ACTION COMPLAINT  - 12 -

**Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $120. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

q.  On Monday, September 9, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "FREE Gift Alert! Customize Your 4-Piece Set." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $50. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

r.  On Wednesday, September 18, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "Ooh la la! Your FREE 5-Piece Gift Awaits + 25% OFF." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $120. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

s.  On Wednesday, October 23, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "Get a Gorgeous Makeup Look + FREE Gifts!." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $42. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

CLASS ACTION COMPLAINT  - 13 -                **Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

t.  On Friday, October 25, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "ENDS TONIGHT | Free 7-Piece Gift!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $42. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

u.  On Thursday, December 12, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "FREE 4-Piece Gift! + Up to 25% Off Sitewide!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $50. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

v.  On Thursday, January 23, 2025, Lancôme sent Named Plaintiff Kim an email with the subject line: "7 FREE Gifts?! Yes, Really! (A $131 Value)." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $42. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

w.  On Friday, January 31, 2025, Lancôme sent Named Plaintiff Kim an email with the subject line: "Last Chance! Free 7-Piece Gift." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $42. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

CLASS ACTION COMPLAINT  - 14 -

**Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

x.  On Monday, March 31, 2025, Lancôme sent Named Plaintiff Kim an email with the subject line: "FREE 7-Piece Gift (Worth $199!)." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $45. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

y.  On Wednesday, April 2, 2025, Lancôme sent Named Plaintiff Kim an email with the subject line: "FREE 7-Piece Gift + Luxury Sizes." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $45. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

z.  On Tuesday, April 8, 2025, Lancôme sent Named Plaintiff Kim an email with the subject line: "Claim Your Free 7-Piece Gift NOW!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $45. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

aa. On Wednesday, April 9, 2025, Lancôme sent Named Plaintiff Kim an email with the subject line: "Ends Tonight | Free 7-Piece Gift!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $45. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of WCEMA.

bb. On Thursday, March 28, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "Last Chance for 30% Off Sitewide: Sign Up Now!" And on Friday, March 29, 2024, Lancôme sent Named Plaintiff Kim another email

CLASS ACTION COMPLAINT  - 15 -

**Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

with the subject line: "Last Day to Save 30% Sitewide." However, on March 30, 2024, Lancôme sent Named Plaintiff an email indicating "It's Not Over Yet! 30% Sitewide is Extended." Therefore, Lancôme's representation that it was Named Plaintiff's "Last Chance" and "Last Day" to save 30% was false and misleading in violation of WCEMA.

cc. On Thursday, September 26, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "25% OFF Sitewide Ends Tonight!" However, on September 30, 2024, Lancôme sent Named Plaintiff an email with the subject line: "35% Off: Unlock Your Exclusive Pre-Black Friday Deal!" Thus, the 25% off sale did not "end[] tonight," as an even better deal was offered mere days later.

dd. On Friday, October 11, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "FREE Full-Size Gift Ends Tonight! Code Inside." However, on October 12, 2024, Lancôme sent Named Plaintiff an email extending the promotion (subject line: "Plot Twist! FREE Full-Size Beauty - Extended!"). Thus, the deal off sale did not "end[] tonight," as it was extended the very next day. Therefore, the information in the subject line was false and misleading in violation of WCEMA.

ee. On Monday, November 11, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "Happy Singles' Day! 25% Off Ends Tonight." However, on November 15, 2024, Lancôme sent Named Plaintiff an even better deal of 30% off (subject line: "Psst... Wanna Shop Early? 30% Off Awaits!"). Thus,

CLASS ACTION COMPLAINT  - 16 -                    **Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

the 25% off sale did not "end[] tonight," as an even better deal was offered mere days later.

ff. On Saturday, November 30, 2024, Lancôme sent Named Plaintiff Kim two emails with the subject lines: "BLACK FRIDAY ENDS TONIGHT!" and ""Up to 50% Off - Goodbye Black Friday!" However, the very next day, on Sunday, December 1, 2024, Lancôme sent Named Plaintiff an email indicating that "IT'S ON! Cyber Monday Is Here," and the same deals that purportedly "END[ED]" the night before, were still available for Named Plaintiff. Thus, the information in the subject line indicating that the sale ended tonight was false and misleading in violation of WCEMA.

gg. On Monday, December 2, 2024, Lancôme sent Named Plaintiff Kim an email with the subject line: "FINAL HOURS! Up to 50% Off Cyber Monday!" However, the very next day, Lancôme sent Named Plaintiff an email indicating that "UP TO 50% OFF EXTENDED." Thus, it was not the "final hours" to obtain the deal, and the information in the subject line indicating that the sale was in its "final hours" was false and misleading in violation of WCEMA.

44. The emails identified in Paragraph 43(a) through (gg) are hereinafter referred to as the "Subject Emails."

45. Lancôme sent the Subject Emails to Named Plaintiff Kim for the purpose of promoting Lancôme's goods for sale.

46. Lancôme initiated the transmission or conspired to initiate the transmission of the Subject Emails to Named Plaintiff Kim.

CLASS ACTION COMPLAINT  - 17 -                    **Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

47.    As shown in Paragraph 44(a) through (gg) Named Plaintiff has identified 34 emails with false or misleading subject lines sent to Named Plaintiff by Lancôme.

48.    These emails were sent between January 19, 2023 and April 9, 2025, showing that Lancôme engaged in this conduct throughout the relevant time period.

## V.    CLASS ACTION ALLEGATIONS

49.    Named Plaintiff brings this action, both individually and as a class action, on behalf of similarly situated recipients of commercial electronic mail sent by Lancôme pursuant to CR 23 and seek to represent the following Class, defined as:

> **All Washington residents to whom Lancôme sent, within four years before the date of the filing of this complaint until the date of trial, an email with a subject line that (a) states or implies that a particular promotion will end at a specified time, when the promotion will actually continue beyond the specified end time; or (b) states or implies that the recipient of the email will be given a free product, when in fact purchase is required in order to obtain the product.**

Excluded from the Class are Defendant, as well as Defendant's affiliates, employees, officers and directors, and the Judge to whom this case is assigned.

50.    The Class, as defined above, is identifiable. Named Plaintiff is a member of the Class.

51.    The Class consists, at a minimum, of 50 consumers and is thus so numerous that joinder of all members is clearly impracticable.

52.    There are questions of law and fact which are not only common to the Class, but which predominate over any questions affecting only individual members of the Class.

53.    With respect to the Class, the common and predominating questions include, but

CLASS ACTION COMPLAINT  - 18 -

**Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

are not limited to:

    (a)    Whether the emails Lancôme sent to the Class are subject to WCEMA § 19.190.010, *et seq.*;

    (b)    Whether the subject lines of emails sent by Lancôme contain false or misleading information;

    (c)    Whether Lancôme initiated the transmission or conspired to initiate the transmission of commercial electronic mail messages to Class Members located within Washington State; and

    (d)    The nature and extent of Class-wide injury and damages.

54.    Claims of Named Plaintiff are typical of the claims of the respective members of the proposed Class and are based on and arise out of similar facts constituting the wrongful conduct of Defendant.

55.    Named Plaintiff will fairly and adequately protect the interests of the proposed Class.

56.    Named Plaintiff is committed to vigorously litigating this matter.

57.    Further, Named Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

58.    Neither Named Plaintiff nor undersigned counsel have any interests which might cause them not to vigorously pursue this claim.

59.    Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class.

60.    A class action is the superior method for fair and efficient adjudication of the controversy.

CLASS ACTION COMPLAINT  - 19 -        **Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

61.     The likelihood that individual members of the proposed Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

62.     The likelihood that individual members of the proposed Class will prosecute separate actions is remote also because each individual claim involves a relatively small amount.

63.     Counsel for Named Plaintiff and the proposed Class is experienced in class actions and foresees little difficulty in the management of this case as a class action.

VI.     **CAUSE OF ACTION**

**COUNT ONE**
(VIOLATIONS OF WASHINGTON'S COMMERCIAL
ELECTRONIC MAIL ACT, RCW 19.190 *ET SEQ.*)
(WASHINGTON CLASS)

64.     Named Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

65.     WCEMA prohibits any "person," as that term is defined in RCW 19.190.010(11), from initiating or conspiring to initiate the transmission of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that contains false or misleading information in the subject line.

66.     Lancôme is a "person" within the meaning of the CEMA, RCW § 19.190.010(11).

67.     Lancôme initiated the transmission or conspired to initiate the transmission of one or more commercial electronic mail messages to Named Plaintiff and members of the proposed Class.

68.     The Subject Emails contained false or misleading information in the subject lines

CLASS ACTION COMPLAINT  - 20 -                    **Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500

in the ways described in Paragraph 44(a) through (gg).

69. Under WCEMA, it is irrelevant whether the aforementioned emails were solicited.

70. Lancôme's sending of each Subject Email is a discrete violation of WCEMA.

71. Lancôme's acts and omissions violated WCEMA § 19.190.020(1)(b).

**COUNT TWO**
**(*PER SE* VIOLATION OF WASHINGTON'S**
**CONSUMER PROTECTION ACT, RCW 19.86 *ET SEQ.*)**
(WASHINGTON CLASS)

72. Named Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

73. Named Plaintiff and members of the Class are "persons" within the meaning of the CPA, RCW 19.86.010(1).

74. Lancôme violated WCEMA by initiating or conspiring to initiate the transmission of a commercial electronic mail messages to Named Plaintiff and members of the Class that contain false or misleading information in the subject line.

75. A violation of WCEMA is a "*per se*" violation of the Washington CPA, RCW 19.86.010, *et seq.*; RCW 19.190.030. *See Brown v. Old Navy, LLC*, 4 Wn.3d 580, 567 P.3d 38 (2025).

76. A violation of the CEMA establishes all five elements of Washington's Consumer Protection Act as a matter of law.

77. Lancôme's violations of the CEMA are unfair or deceptive acts or practices that occur in trade or commerce under the CPA. RCW 19.190.100.

78. Lancôme's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100.

CLASS ACTION COMPLAINT  - 21 -                    **Johannessen Law, PLLC**
                                                 5400 California Ave. SW, Suite B
                                                 Seattle, WA 98136
                                                 (206) 594-0500

79.     Pursuant to RCW 19.19.040(1), damages to each recipient of a commercial electronic mail message sent in violation of the CEMA are the greater of $500 for each such message or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law.

80.     As a result of Lancôme's acts and omissions, Named Plaintiff and Class members are entitled to $500 in statutory damages for each and every email that violates WCEMA.

81.     Lancôme engaged in a pattern and practice of violating WCEMA.

82.     As a result of Lancôme's acts and omissions, Named Plaintiff and members of the Class are entitled to $500 in statutory damages for each and every email that violates the WCEMA. The full amount of damages will be proven at trial.

83.     Named Plaintiff and members of the Class are entitled to recover actual damages and treble damages, together with reasonable attorneys' fees and costs, pursuant to RCW § 19.86.090.

**PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff respectfully prays for judgment as follows:

A.     An order assuming jurisdiction of this case;

B.     an order certifying the Class;

C.     an order appointing Named Plaintiff Kim as representative of the Class and undersigned counsel as Class counsel for the Class;

D.     an order awarding statutory damages where applicable;[1]

E.     an award of attorneys' fees, pursuant to RCW § 19.86.090;

---

[1] Named Plaintiff states that her individual claim for relief totals $17,000 (34 emails x $500 = $17,000).

CLASS ACTION COMPLAINT  - 22 -            **Johannessen Law, PLLC**
                                          5400 California Ave. SW, Suite B
                                          Seattle, WA 98136
                                          (206) 594-0500

F.      an award of pre-judgment and post-judgment interest on all sums awarded to Named Plaintiff and the members of the proposed Class; and

G.      award such other relief as the court deems appropriate.

## VII.    DEMAND FOR JURY TRIAL

Named Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: October 13, 2025

_____
Ellery Johannessen, Esq.
**Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500
ellery@eaj-law.com

**/s/ Jeffrey C. Toppe**
Jeffrey C. Toppe, Esq. (*pro hac vice forthcoming*)
**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011
jct@toppefirm.com

**Attorneys for Named Plaintiff**

CLASS ACTION COMPLAINT  - 23 -          **Johannessen Law, PLLC**
5400 California Ave. SW, Suite B
Seattle, WA 98136
(206) 594-0500